Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JENNIE BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>U GYM, LLC d/b/a UFC GYM, CLUBREADY, LLC, and DOES 1-10, inclusive,<br><br>Defendant(s). | Case No. 8:20-cv-02119<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.]<br>2. VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT [CAL. CIV. C. §1750 ET SEQ.]<br>3. VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET. SEQ<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JENNIE BROWN ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Defendants U GYM, LLC d/b/a UFC GYM ("UFC GYM") and CLUBREADY, LLC ("CR," and with UFC GYM, "Defendants"), upon information and belief based upon personal knowledge:

## INTRODUCTION

1.     Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), the California Consumer Legal Remedies Act, Cal. Civ. C. § 1750 et. seq. ("CLRA"), and Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL").

2.     Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants by debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b). Additionally, Defendants charged Plaintiff and the Class for services that it failed to provide contrary to its written contract after Defendant UFC closed its gyms due to the COVID-19 crisis.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et. seq.*

4.     Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this

section may be brought in any United States district court."

5.     Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

## **PARTIES**

6.     Plaintiff, Jennie Brown ("Plaintiff"), is a natural person residing in Orange County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a (6) and a "person" as defined by Cal. Bus. & Prof. Code § 17201.

7.     At all relevant times herein, Defendant U GYM, LLC d/b/a UFC GYM, is a Nevada corporation that franchises the UFC Gym and system and oversee its franchisees, including the UFC Gym located in the County of Orange, California.

8.     At all relevant times herein, Defendant CLUBREADY, LLC is a Delaware corporation with its headquarters in Missouri.     Defendant CLUBREADY, LLC targeted and availed itself of California by electronically withdrawing funds and entering into agreements with consumers in California, such as Plaintiff.

9.     The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."   The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.   Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.   Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS - EFTA

11.     Plaintiff entered into a twelve-month agreement with Defendant UFC's franchisee for a gym membership at its 24320 Swartz, Lake Forest, CA 92630 location on June 11, 2019.

12.     The agreement provided for automatic withdrawals of approximately $79 up until May 11, 2020.

13.     On or about March 2020, Defendant UFC closed its gyms in light of the COVID-19 crisis—and those gyms have remained closed ever since.

14.     Pursuant to sections 7.2(d) and (e) of the agreement Plaintiff signed with Defendant UFC and its franchisee, Plaintiff and the Class are entitled to a pro rata refund if Defendant UFC either closes its gym or eliminates or substantially reduces the scope of its facilities.

15.     In this instance, Defendant UFC has closed its gyms and has eliminated or substantially reduced all the services and scope of its facilities in light of the closure due to COVID-19.

16.     On or about April 2020, Plaintiff sent Defendant UFC a letter canceling her agreement and requesting Defendant UFC cease its auto-withdrawals which was acknowledged as received on April 30, 2020.

17.     Despite this, on May 12, 2020, Defendant UFC and CR made their automatic withdrawal from Plaintiff's bank account for $79.

18.   Defendants made such withdrawals without obtaining authorization from Plaintiff to resume auto withdrawal.

19.   Plaintiff never provided Defendants with any authorization or affirmative consent to deduct these sums of money from Plaintiff's banking account following her cancellation on April 30, 2020.

20.   Further, Defendants did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing these automatic payments.

21.   Further, Defendants' written contract conditions the extension of credit in the form the agreement on Plaintiff or any consumer agreeing to repayment by means of preauthorized electronic fund transfers as described in, among others, sections 6.2 and 6.3(a) of the contract.  Such conditioning violates 15 U.S.C. 1693(k).

22.   Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

23.   Further, Defendants failed to honor the provision of its written contract regarding the right to cancel and be issued a pro-rata refund in light of Defendant UFC's closure of its gyms.

24.   Such sales tactics employed on Defendants rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

25.   Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and incentivize them to contract with Defendants with the belief that they would receive a pro rata refund if Defendants' services ceased.

26.   Plaintiff reasonably believed and relied upon Defendants' representations in its contract.

27.     Defendants benefited from falsely representing their obligations and intend to honor the terms of the contract regarding cancellations and refunds. Defendants benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of two proposed classes (jointly "The Classes").  The first Class (hereafter "The EFTA Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers or whose agreements conditioned the extension of credit on an agreement to repay by preauthorized fund transfers within the one year prior to the filing of this Complaint.

29.     The second Class (hereafter "the CLRA Class") is defined as follows:

> All persons in California who Defendants charged for gym services after the closure of their gyms and failed to refund pro rata amounts within the three years prior to the filing of this Complaint.

30.     Plaintiff represents, and is a member of The EFTA Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers or whose agreements conditioned the extension of credit on an agreement to repay by preauthorized fund transfers within the one year prior to the filing of this Complaint.

31.     Plaintiff represents, and is a member of The CLRA Class, consisting of all persons in California who Defendants charged for gym services after the

closure of their gyms and failed to refund pro rata amounts within the three years prior to the filing of this Complaint.

32.     Defendants, their employees and agents are excluded from The Classes.  Plaintiff does not know the number of members in The Classes, but believe the Classes members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

33.     The Classes are so numerous that the individual joinder of all of their members is impractical.  While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members.  Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

34.     There are questions of law and fact common to the EFTA Class affecting the parties to be represented.  The questions of law and fact to the EFTA Class predominate over questions which may affect individual EFTA Class members and include, but are not necessarily limited to, the following:

    a.  The members of the EFTA Class were not provided with, nor did they execute, written agreements memorializing the automatic or recurring electronic payments.

    b.  Defendants did not request, nor did it provide, EFTA Class members with written agreements memorializing the automatic or recurring electronic withdrawals.

    c.  The members of the Class did not provide either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments.

    d.  Despite not providing written or electronic authorization for

payments to be drawn from their accounts, Defendants took unauthorized payments from EFTA Class members' accounts.

35.    There are questions of law and fact common to the CLRA Class affecting the parties to be represented.  The questions of law and fact to the CLRA Class predominate over questions which may affect individual CLRA Class members and include, but are not necessarily limited to, the following:

a.  Whether Defendants charged the CLRA Class Members and refused to issue a pro-rata refund after closing their gyms;

36.    As someone who Defendants charged for gym services after the closure of their gyms and failed to refund pro rata amounts within the three years prior to the filing of this Complaint and who had an automatic withdrawal taken from her bank account without authorization, Plaintiff is asserting claims that are typical of The Classes.

37.    Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

38.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and

of the court system, and protects the rights of each Class member.

39.     The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Classes members to protect their interests.

40.     Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

<u>**COUNT I:**</u>
<u>**VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT**</u>
**ON BEHALF OF THE EFTA CLASS**

41.     Plaintiff reincorporates by reference all of the preceding paragraphs.

42.     Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

43.     Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

44.     Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

45.     Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the

authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

46.     In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts after they had canceled their agreement to the withdrawals, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

47.     In multiple instances, Defendants have debited Plaintiff's and also the putative EFTA Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

48.     In multiple instances, Defendants conditioned the extension of credit in the form of its contract with Plaintiff and the putative EFTA Class members on requiring repayment through preauthorized electronic fund transfers thereby violating 15 U.S.C. § 1693k(1).

## <u>COUNT II:</u>
## <u>VIOLATION OF CAL. CIV. C. § 1750</u>
## INDIVIDUALLY AND ON BEHALF OF THE CLRA CLASS

49.     Plaintiff incorporate by reference each allegation set forth above herein.

50.     Defendants' actions as detailed above constitute a violation of the

Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendants violated the following provisions of the CLRA:

    a. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14); and

    b. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. Cal. Civ. Code §1770(16).

51.    Plaintiff only seeks injunctive relief at this time on behalf of herself and the CLRA Class, but reserves the right to amend pursuant to Cal. Civ. C. § 1782(d).

## COUNT III:
## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200
## INDIVIDUALLY AND ON BEHALF OF THE CLASSES

52.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNLAWFUL

54.    California Business and Professions Code Section 17200, et seq.

prohibits "any unlawful…business act or practice."

55.    As explained above, Defendants violated the Electronic Funds Transfer Act and Consumer Legal Remedies Act.

56.    Defendants' acts, as pled herein, are an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq. for violating EFTA and the CLRA.

57.    Defendants' conduct caused and continues to cause economic harm to Plaintiff and Classes Members.

## TRIAL BY JURY

58. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JENNIE FIELDS, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendants, for the following:

a.    That this action be certified as a class action on behalf of The Classes and Plaintiff be appointed as the representative of The Classes;

b.    Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

c.    Actual damages;

d.    Restitution of the funds improperly obtained by Defendants;

e.    Any and all statutory enhanced damages;

f.    All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

g.    For equitable and injunctive and pursuant to California Business and Professions Code § 17203 and Cal. Civ. C. § 1782;

h.    For prejudgment interest at the legal rate; and

1

i.   Any other relief this Honorable Court deems appropriate.

2

3

Respectfully submitted this 3rd Day of November, 2020.

4

5

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

6

7

By: _____

8

Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintif

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28